```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

                                  )
UNITED STATES OF AMERICA          )
                                  )
        v.                        )  CRIMINAL NO. 04-10247-NMG
                                  )
PATRICK ROWE                      )
                                  )
```

GOVERNMENT'S REQUESTS FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the United States of America, by United States Attorney Michael J. Sullivan and Assistant United States Attorney James Lang, hereby submits its requests for jury instructions in the above-captioned action. The government reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's jury instructions.

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                     By:      /s/ James Lang
                              James F. Lang
                              Assistant U.S. Attorney
```

<u>**GOVERNMENT'S PROPOSED INSTRUCTION NO. 1**</u>
**(Presumption of Innocence; Burden of Proof; Reasonable Doubt)**

As you know, this is a criminal case in which the United States has charged the defendant with committing a crime.  Like every criminal case, the defendant here is presumed by law to be innocent.  This presumption of innocence stays with the defendant throughout the course of the trial.  It can be overcome only when the United States introduces competent evidence during the course of the trial that satisfies its burden of convincing you beyond a reasonable doubt of the defendant's guilt with respect to every element of the offense.

The United States has the burden of proving to you, beyond a reasonable doubt, that the defendant is guilty of the crime charged.  This burden of proof rests upon the United States and it never shifts to the defendant.  The defendant is not required to prove anything to you or to present any evidence at all.  If the United States fails to meet its burden of proof, then you must acquit the defendant.  If, however, the government does meet its burden of proof beyond a reasonable doubt, then you have a similar responsibility to find the defendant guilty.

Proof beyond a reasonable doubt is a phrase often used but difficult to define.  It is proof that leaves you firmly

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 1 (Cont.)**
**(Presumption of Innocence; Burden of Proof; Reasonable Doubt)**

convinced that the defendant is guilty.  A reasonable doubt is not doubt in the mind of a juror who is looking for a doubt or who is looking for an excuse to acquit the defendant.  It is doubt in the mind of a reasonable juror who is earnestly seeking the truth.  As the words themselves imply, it is a doubt based on reason and common sense.

Proof beyond a reasonable doubt is not proof beyond all possibility of doubt, beyond every conceivable doubt, or beyond a shadow of a doubt.  The United States is not required to prove the charge to an absolute or mathematical certainty since there are few things in this world that we know with absolute certainty.  Thus, the law does not require that the United States prove its case to the same degree of certainty that you have that when you add two plus two you get four.  As I stated earlier, proof beyond a reasonable doubt is proof that leaves you, as reasonable persons, firmly convinced of the defendant's guilt.

Federal Judicial Center, <u>Pattern Criminal Jury Instructions</u>, 28 (1988); <u>United States v. DeVincent</u>, 632 F.2d 147, 152-153 & n.7 (1st Cir.), <u>cert</u>. <u>denied</u>, 449 U.S. 986 (1980); <u>United States v. Gibson</u>, 726 F.2d 869, 873-874 (1st Cir.), <u>cert</u>. <u>denied</u>, 466 U.S. 960 (1984); <u>United States v. Munson</u>, 819 F.2d 337, 345-346 (1st Cir. 1987); <u>United States v. Olmstead</u>, 832 F.2d 642, 644-646 (1st Cir. 1987), <u>cert</u>. <u>denied</u>, 486 U.S. 1009 (1988); <u>United States v. Jorge</u>, 865 F.2d 6, 10-11 (1st Cir. 1989); <u>United States v. Campbell</u>, 874 F.2d 838, 841-843 (1st Cir. 1989).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 2
### (Function of the Jury)

The function of you as jurors is to determine the facts. You are the sole and the exclusive judges of the facts. You alone decide the weight, the effect and the value of the evidence and the credibility -- that is, the believability -- of the witnesses. Once you determine the facts, it is your duty to apply those facts to the law as I explain it to you in order to decide whether the defendant is guilty or not guilty of the charge the United States has brought against him. You must determine the facts without prejudice, without fear, without favor, solely from a fair consideration of the evidence. Once you let fear or favor or prejudice or bias or sympathy enter into your deliberations, there is a great risk that you will not arrive at a true and just verdict. In the same vein, you may not consider in your deliberations any personal feelings you may have about the race, religion, national origin, sex or age of the defendant or any witness who testified during the course of the trial. You are not to decide the case on the basis of what you have heard or read outside the courtroom or according to any guesswork or speculation. You cannot speculate as to what might or might not have happened nor can you allow yourselves to be influenced by your view of the nature of the crime with which

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 2 (Cont.)**
**(Function of the Jury)**

the defendant has been charged or the consequences of your verdict.  Instead you must confine your deliberations to the evidence and to nothing but the evidence.

See Edward J. Devitt Et Al., Federal Jury Practice and Instructions, § 10.01 (4th ed. 1990).

Case 1:04-cr-10247-NMG   Document 30   Filed 10/03/2005   Page 6 of 19

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 3
(Direct and Circumstantial Evidence; Inferences)

In your role as jurors, there is an important power that you have and that you inevitably must exercise while considering and evaluating the evidence that's been presented during the course of this trial. That is the power to draw inferences.

To set the stage for discussing inferences, let me tell you that there are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence. Direct evidence is evidence of what a witness sees, hears, touches or in some other way perceives with one of his or her senses. Circumstantial evidence exists where a witness cannot testify directly about the fact that is to be proved, but you are presented with evidence of other facts and then asked to draw reasonable inferences from them about the fact which is to be proved.

What do I mean by an inference? Let me begin, first of all, with an abstract or theoretical definition of an inference, if you will. An inference is a permissible deduction that you may make from evidence that you have accepted as believable. Drawing inferences is something you do every day. Inferences are little steps in reasoning, steps in which you take some known information, apply your

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 3 (Cont.)**
**(Direct and Circumstantial Evidence; Inferences)**

experience in life to it, and then draw a conclusion.

Some inferences may be consistent with guilt, and some may be consistent with innocence. When an essential element of a crime has not been proven by direct evidence -- that is, by evidence of what somebody saw, or heard, or in some way perceived with one of the five senses -- when it hasn't been proven in that fashion, you jurors must use your collective and general knowledge in determining whether that element has been established by inferences reasonably drawn from other facts in evidence. Any inference which you draw from such facts must be a reasonable and natural one and not merely conjecture or guesswork.

Circumstantial evidence alone may be sufficient to convict the defendant if it persuades you beyond a reasonable doubt that the defendant is guilty of the offense alleged in the Indictment.

United States v. Clifford, 979 F.2d 896 (1st Cir. 1992); United States v. Wight, 968 F.2d 1393, 1395 (1st Cir. 1992); United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1992).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 4
### (Credibility of Witnesses)

In performing your role as jurors, your function, ladies and gentlemen, is to evaluate the exhibits that have been introduced and to determine and judge the credibility of the testimony of the witnesses. What do I mean by credibility? That is simply a fancy word for "believability." It is your function and your function alone to determine the believability of the witnesses who came forward and testified. You are free to decide that you believe all of what a witness told you, or none of what a witness told you, or some of what a witness told you. You're free to do that all in accordance with your collective judgment as to the believability of what it was that the witness told you while on the witness stand.

Now, how do you go about making this critically important judgment about the believability of what the witnesses told you while they were testifying? Having raised the question, I tell you that I cannot -- indeed, nobody can -- tell you all of the ways that you go about making this terribly important judgment about credibility. I can suggest to you, however, some of the things that you should look at in making that judgment. You should consider, for example, the conduct and the demeanor of the witness while testifying, the frankness or lack of frankness that the witness displayed while testifying,

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 4 (Cont.)**
**(Credibility of Witnesses)**

the reasonableness or the unreasonableness of the testimony itself, the probability or improbability of that testimony, the opportunity or lack of opportunity that the witness had to see and to know the facts about which he or she was testifying, the accuracy of the witness's recollection, the degree of intelligence shown by the witness, whether the witness has attempted to fill in gaps in his or her memory of events with information he or she obtained after the event was over. You may also consider whether the witness has a motive for testifying and, of course, the interest or lack of interest that the witness may have in the outcome of the case. You should take into consideration the character and the appearance of the witness at trial and any bias he or she has shown in his or her testimony. The list is not exhaustive. It is, rather, a list of examples of the things you may take into account and should take into account in making that judgment.

United States v. Hardy, No. 91-10180-K, Charge to the Jury (D. Mass. Nov. 13, 1991) (Keeton, J.).
See also Edward J. Devitt Et Al., Federal Jury Practice and Instructions, § 15.01 (4th ed. 1990).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 5
### (Credibility-- Prior Inconsistent Statements)

You should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.  You should keep in mind, of course, that a simple mistake or inadvertent omission by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement or omission, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

Eleventh Circuit District Judges Association, <u>Pattern Jury Instructions, Criminal Cases</u>, § 6.1 (1985).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6
**(Expert Testimony)**

You have heard testimony from one or more persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinions.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

Edward J. Devitt Et Al., _Federal Jury Practice and Instructions_, § 14.01 (4th ed. 1990) (modified).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 7
### (Punishment)

If the defendant is found guilty, it will be my duty to decide what his punishment will be.  You should not be concerned with punishment in any way.  It should not enter into your consideration or discussion.

U.S. Fifth Circuit District Judges Association, Pattern Jury Instructions, Criminal Cases, § 1.21 (1990);
Edward J. Devitt Et Al., Federal Jury Practice and Instructions, § 18.02 (4th ed. 1990).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 8
### ("On or About")

You will note that the indictment charges that the offense was committed "on or about" a certain date rather than "on" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Leonard B. Sand Et Al., Modern Federal Jury Instructions, § 6.06, Instruction No. 6-17, (1993); Edward J. Devitt Et Al., Federal Jury Practice and Instructions, § 13.05 (4th ed. 1990); United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 929 (1974).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 9
### (Elements of Indictment)

[Read the Indictment]

Count One of the single-count indictment charges the defendant with distributing cocaine base, also known as crack cocaine, on or about February 19, 2004. It is against federal law to distribute, that is, to transfer, cocaine base to another person. For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following three things beyond a reasonable doubt:

FIRST: that the defendant on or about the date alleged transferred cocaine base, also known as crack cocaine, to another person;

SECOND: that the defendant knew that the substance he transferred to another person was a controlled substance; and

THIRD: that the defendant acted intentionally, that is, it was his conscious object to transfer the controlled substance to another person.

Committee on Pattern Criminal Jury Instructions, First Circuit, First Circuit Pattern Jury Instructions, Criminal Cases (First Circuit Instructions), § 4.23 (1998) (modified).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 10
### (Distribution; Cocaine Base and Crack Cocaine)

The first element of the charged offense is that the defendant distributed to another person the controlled substance charged in the indictment, that is, cocaine base, also known as crack cocaine.  Thus, there are really two sub-elements to this first element: first, that the defendant distributed a controlled substance to another person; and second, that that substance was in fact the form of cocaine base known as crack cocaine.

The term "distribute," as used in the indictment means "to deliver" or "to transfer" to another person, or to attempt to do so, regardless of whether the transferor has any financial interest in the transaction.

The term "cocaine," as used in federal drug abuse law, refers to cocaine hydrochloride or powder cocaine, that is, cocaine in its powder form.  Cocaine base is chemically distinct from powder cocaine.  It is created through a reprocessing of powder cocaine via one of a number of different methods.  Crack cocaine is the street name for a form of cocaine base, usually prepared by processing cocaine powder and sodium bicarbonate, that is, baking soda, and usually appearing in a lumpy, rocklike form.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 10** (Cont.)
(Distribution; Cocaine Base and Crack Cocaine)

First Circuit Instructions, § 4.23; 21 U.S.C. §§ 802(11), 802(8); United States v. Perry, __ F.Supp.2d ___, 2005 WL 2260196 (D.R.I. September 16, 2005); United States v. Richardson, 225 F.3d 46, 49-50 (1st Cir. 2000); U.S.S.G. § 2D1.1(c) n.(D).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 11
### (Knowledge of Controlled Substance)

The second element of the charged offense is that the defendant knew that the substance he transferred to another person was a controlled substance. The third element, which is conceptually related to the second, is that the defendant acted intentionally, that is, it was his conscious object to transfer the controlled substance to another person.

In order to satisfy these elements, the government is **not** required to prove that the defendant knew which particular controlled substance was involved. It is sufficient if the government proves beyond a reasonable doubt that the defendant intended to distribute a controlled substance, that is, any drug or other substance that is regulated under federal drug abuse law. I instruct you that cocaine and cocaine base, including crack cocaine, are both controlled substances in that they are both regulated under federal drug abuse law.

To summarize, then, although the government must prove that the defendant did in fact distribute crack cocaine, as charged in the indictment, it does not have to prove that the defendant was aware that the substance he sold was crack cocaine and that that precise substance is what he intended to distribute. Rather, it must prove that he was aware that the substance he distributed was a controlled substance and that

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 11 (Cont.)**
**(Knowledge of Controlled Substance)**

he intended to distribute said substance, even if he was either mistaken about or did not know its exact identity.

United States v. Hussein, 351 F.3d 9, 11, 18-20 (1st Cir. 2003);
United States v. Kairouz, 751 F.2d 467, 468-469 (1st Cir. 1985).