UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                                          Crim. No. 04-10247 - NMG

PATRICK ROWE

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PATRICK ROWE'S FAILURE TO APPEAR FOR HIS PRIOR TRIAL DATE

Now comes the defendant, by court appointed counsel, and requests this Honorable Court to exclude from evidence his failure to appear for his trial date before this Court on October 11, 2005. As reason therefor, the defendant states that introduction of such evidence would be irrelevant, and even if this Court determines that it is relevant, it's probative value would be far outweighed by its prejudicial effect.

In the event that the government intends to introduce evidence of his failure to appear under the theory of "consciousness of guilt," the defendant maintains that it has no probative value toward the determination of his guilt or innocence. While evidence of flight may be admissible in some cases, this is not a case where his failure to appear would be evidence of flight or consciousness of guilt. Unlike in a case where the defendant flees after commission of a crime, such as from the scene of a bank robbery, in this matter the defendant violated his provisions of bail, but did not flee as part of the charged offense. *Cf. United States v. Otero-Mendez*, 273 F3d 46, 58 (1st Cir. 2001) (where defendant fled after a carjacking); *United States v. Stewart* (5th Cir. 1978) 579 F2d 356, *cert. den.* 439 US 936 (1978) (evidence of defendant's flight and extensive travel after bank robbery not more prejudicial than probative).

     Introduction of this type of evidence will be far more prejudicial than probative, and therefore should be excluded under F.R.E. 402 and 403.  The evidence is irrelevant to the issues in the matter or to any issue which is likely to arise at trial.  Therefore, this Court should preclude the government from introducing such evidence.  There is no independent relevance to the failure to appear by Mr. Rowe.  Where the evidence is to be used for an impermissible purpose, this Court should preclude the government from introducing it, especially when it has no probative value.  The defendant therefore requests that this Court exclude any such testimony on the basis of its irrelevancy and/or its overly prejudicial effect.

     WHEREFORE, for the reasons set forth above the defendant requests that this Court rule that evidence of Mr. Rowe's failure to appear are inadmissible at trial.

                                              Respectfully Submitted,

Date:   January 7, 2006                            /s/ Melvin Norris
                                                     Melvin Norris
                                                     260 Boston Post Road
                                                     Wayland, MA 01778
                                                     (508) 358-3305
                                                     BBO# 373900