UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.  CR# 04-CR-10247 NMG

PATRICK ROWE

### DEFENDANT PATRICK ROWE'S SENTENCING MEMORANDUM AND MOTIONS FOR DOWNWARD DEPARTURE

Now comes the defendant PATRICK ROWE, by court appointed counsel, and submits this memorandum of fact and law for use of the Court in sentencing the defendant. The defendant further submits this Memorandum as a Motion for Downward Departure.

### FACTUAL BACKGROUND

The defendant, Patrick Rowe, has pleaded guilty to distribution of cocaine base in violation of 21 U.S.C. 841 (a)(1).

Mr. Rowe was arrested on July 13, 2004. He eventually pleaded guilty on January 23, 2006, after a scheduled jury trial. The probation office has added a two level enhancement for obstruction of justice based upon Mr. Rowe's failure to appear for his jury trial, and has also not recommended a reduction in the guideline range for acceptance of responsibility despite Mr. Rowe's prompt surrender after the warrant issued in his case, and his plea of guilty.

Probation maintains that the Total Offense Level is 26, and Mr. Rowe currently faces a mandatory minimum sentence of five years and a guideline range of 63 to 78 months.

**ARGUMENT**

1.  <u>Mr. Rowe should be granted a two point reduction for acceptance of responsibility, since he did not deny responsibility for the actions, voluntarily surrendered to the Court quickly after the original trial date, and the government agreed in the plea agreement that he should receive that two point reduction.</u>

There can be no question that Mr. Rowe accepted responsibility for his crimes, where he promptly surrendered to authorities after the jury trial date and pled guilty. This behavior manifested acceptance of responsibility despite his failure to appear for trial, and therefore he is eligible for a two level credit for acceptance of responsibility. <u>See generally United States v. Gregory</u>, 315 F.3d 637 (6th Cir. 2003) (holding that defendant was entitled to an acceptance reduction even though the court also imposed an obstruction of justice increase).

Also important is the fact that the government, in the plea agreement, agrees that the defendant should receive a two point reduction for acceptance of responsibility. This is clearly extraordinary, and therefore Mr. Rowe should receive a two point reduction for acceptance of responsibility.

This is a sufficiently extraordinary case to warrant granting acceptance of responsibility credit despite the enhancement for obstruction of justice. U.S.S.G. § 3E1.1 Application Note 4 does not categorically rule out the awarding of acceptance of responsibility where there is an obstruction of justice enhancement. Instead, it limits to extraordinary circumstances, such as those present in this case where the government agrees that he should have his guideline range reduced by two points for acceptance of responsibility.

2.  <u>The Court should sentence Mr. Rowe in accordance with 18 U.S.C. § 3553(a).</u>

Under the provisions of 18 U.S.C. § 3553(a), this court has the authority to sentence Mr. Rowe indeterminately. The provisions of that statute call for a term of imprisonment not more than necessary to achieve the goals of sentencing. In this case, the court should find that a sentence at the statutory minimum is appropriate in this case. The defendant's circumstances, including his plea of guilty and the acquittal of Johnnie Martin, make the most just sentence a sentence of 60 months in this case.

The holding of <u>United States v. Booker</u> is that this Court is not bound by the provisions of the Sentencing Guidelines when sentencing Mr. Rowe. Therefore, the Court may use the provisions of 18 U.S.C. § 3553(a) in crafting the sentence, and must consider the following factors in fashioning a sentence for the defendant:

1.  The nature and circumstances of the offense and the history and characteristics of the defendant;
2.  the need for the sentence imposed –
    (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)  to afford adequate deterrence to criminal conduct;
    (C)  to protect the public from further crimes of the defendant; and
    (D)  to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner;
3.  the kinds of sentences available;
4.  the kinds of sentence and the sentencing range established by [the sentencing guidelines];

5. any pertinent policy statement [issued by the Sentencing Commission];

6. the need to avoid unwarranted sentence disparity among defendants who have been found guilty of similar conduct; and

7. the need to provide restitution to any victims of the offense.

Subsequent to the determination of the sentencing guideline range, the Court must go on to weigh the other factors set forth in this statute. This results in discretion vested in this Court to determine the proper and reasonable sentence for Mr. Rowe, after taking into account the factors set forth in 18 U.S.C. 3553 (a), including the need for the sentence to be "sufficient, but not greater than necessary, to achieve the [goals of sentencing]."

## SENTENCING FACTORS

*1. The nature and circumstances of the offense and the history and characteristics of the defendant*: This factor has been discussed at length in the presentence report.

*2. Then need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public and provide the defendant with needed services*: The defendant does not have a drug abuse problem, and is unlikely to be recidivist given that he has little prior criminal history and will have spent time in prison resulting from this offense.

*3. The kinds of sentences available*: The defendant requests that this Court sentence him to the least reasonable term of imprisonment.

*4 and 5.   The Guideline Range and policy statements*: As the defendant argues extensively in this memorandum, the Court should consider the guideline range to be 51-63 months.

*6. The need to avoid unwarranted sentence disparity*: In this matter, the only other

defendant in this case, Johnny Martin, was acquitted by a jury.

    7. *The need to provide restitution*: In this case, there is no victim to provide restitution to.

3.    <u>The defendant should be given credit for the Safety Valve, and his Offense Level should be reduced an additional two points and he should be sentenced below the minimum mandatory.</u>

    Mr. Rowe maintains that he has met the requirements of the Safety Valve as set forth in U.S.S.G. 5C1.2, and therefore he is eligible for a two level reduction in his Offense Level and he is not subject to a mandatory minimum.

<u>CONCLUSION</u>

    For the reasons set forth above, the defendant moves that this court find him to be a level 22 (after applying the safety valve and the acceptance of responsibility adjustments) and sentence him to a period of incarceration of less than 41 months (the guideline range for a level 22, criminal history category I is 41-51 months), and determine that he is indigent and incapable of paying a fine in this matter.

                                                Respectfully Submitted,
                                                By his attorney,

                                                    /s/ MELVIN NORRIS

Date:  April 14, 2006

                                                Melvin Norris
                                                260 Boston Post Road
                                                Wayland, MA 01778
                                                (508) 358-3305
                                                BBO# 373900

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed this date through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent this date to those indicated as non-registered participants.

    /s/ Melvin Norris
MELVIN NORRIS