UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CRIMINAL NO. 04-10247-NMG |
| | ) | |
| PATRICK ROWE | ) | |
| | ) | |

**JOINT STATUS REPORT OF PARTIES AND DEFENDANT'S
ASSENTED-TO MOTION FOR REDUCTION OF SENTENCE**

The United States, by United States Attorney Michael J. Sullivan and Assistant United States Attorney James F. Lang, and the defendant Patrick Rowe, by counsel Glen P. Randall, submit this status report in accordance with the Court's procedural order of March 18, 2008.  Additionally, the defendant, with the assent of the government, moves herein, pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10, for a reduction of his sentence from a term of incarceration of 51 months to 41 months.

**A.  Background**

On December 1, 2004, a grand jury returned a one-count superseding indictment charging the defendant with distribution of cocaine base, in violation of 21 U.S.C. § 841.  On January 23, 2006, the defendant pled guilty to that offense.  At sentencing, the Court determined that, pursuant to U.S.S.G. § 2D1.1(c)(7), the defendant's base offense level was 26, because the offense involved between 5 and 20 grams of cocaine base, that a two-level enhancement was applicable pursuant to § 3C1.1, because the

defendant had failed to appear for a previously-scheduled trial date, that a two-level reduction was applicable because the defendant satisfied the criteria for a so-called "safety-valve" reduction pursuant to § 5C1.2, and that another two-level reduction was applicable pursuant to § 3E1.1 for the defendant's acceptance of responsibility.  Thus, the Court found the total offense level ("TOL") to be 24.  In conjunction with the Court's determination that the defendant was in criminal history category I, that TOL yielded a guideline sentencing range ("GSR") of 51-63 months.  The Court imposed a 51-month term of incarceration, at the low-end of the applicable GSR, to be followed by a three-year term of supervised release.

    **B.    Eligibility for a Sentence Reduction, Revised Guidelines Calculations, and Joint Sentence Recommendation**

The parties agree that the defendant is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.  More specifically, Amendment 706 of the Sentencing Guidelines, which became effective on November 1, 2007, and which was given retroactive effect as of March 3, 2008, reduced the applicable base offense level for the defendant from 26 to 24, with a resulting reduction in his TOL from 24 to 22.  That reduced his GSR from 51-63 months to 41-51 months.

Inasmuch as the Court previously sentenced the defendant to a term of incarceration at the low-end of the then-applicable GSR, the parties agree that it is appropriate for the Court now

to sentence the defendant at the low-end of the new GSR, i.e., to a 41-month term of incarceration.  The defendant's current projected release date from Bureau of Prisons custody is June 28, 2009. The proposed 10-month reduction in his sentence would result in his release in or about August 2008.

### C. No Necessity for Further Pleadings or a Hearing

In view of the parties' agreement regarding the defendant's eligibility for a sentence reduction, as well as their agreement regarding the new sentence that should be imposed, there is no need for further pleadings in this case or for a sentence modification hearing.  The parties believe that, on the basis of the instant submission, the Court should issue an amended judgment in accordance with the recommendation made herein.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ James Lang
James Lang
Assistant U.S. Attorney

/s/ Glen P. Randall
GLEN P. RANDALL
Counsel for Patrick Rowe